18-2526-cr
*United States v. Joshua Glenn*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand nineteen.

PRESENT:    JOSÉ A. CABRANES,
                REENA RAGGI,
                      *Circuit Judges,*
                EDWARD R. KORMAN,
                      *District Judge**

---

UNITED STATES OF AMERICA,

          *Appellee,*                     18-2526-cr

          v.

JOSHUA GLENN,

          *Defendant-Appellant.*

---

**FOR APPELLEE:**                    Jo Ann M. Navickas (James P. McDonald, Tanisha R. Payne *on the brief*), Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

---

   * Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLANT:**                    Sam A. Schmidt, Law Office of Sam. A. Schmidt, New York, NY.

Appeal from an August 23, 2018 judgment of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Defendant-Appellant Joshua Glenn ("Glenn") stands convicted based on his guilty plea of one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), three counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, and one count of unlawful use and brandishing of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On this appeal, Glenn challenges three calculations made during sentencing by the District Court: the calculation of loss under the Sentencing Guidelines; the calculation of restitution, which was based on the Guidelines calculation of loss; and the calculation of forfeiture, which was based on the calculation of restitution. Although Glenn does not request an adjustment of his below-Guidelines sentence for imprisonment, he does seek to have his restitution and forfeiture amounts either adjusted downward or vacated. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*I: Loss Calculation for Sentencing Guidelines*

"We review the district court's factual findings on loss for clear error." *United States v. Carboni*, 204 F.3d 39, 46 (2d Cir. 2000) (internal quotation marks and citations omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Guang*, 511 F.3d 110, 122 (2d Cir. 2007) (internal quotation marks and citations omitted).

Glenn argues that the Government did not prove by a preponderance of the evidence that the loss from one of the three robberies to which he pleaded guilty—the robbery of a Verizon store on November 15, 2016—exceeded $20,000. Without such proof, he argues, the District Court should not have given him a one-point increase in his Guidelines offense level. *See* U.S.S.G. § 2B3.1(b)(7). Specifically, he contends that one of the documents on which the District Court rested its calculation was insufficiently reliable. That document—an inventory sheet provided to the New York Police Department ("NYPD") by a T-Mobile store employee after an April 21, 2017 robbery of that store—was used to extrapolate the value of many of the cellular phones stolen during the November 15, 2016 Verizon store robbery. Glenn contends that the use of this document from one robbery to estimate the loss for another robbery amounted to clear error. We disagree.

2

"The district court need not establish the loss with precision but rather need only make a reasonable estimate of the loss, given the available information." *Carboni*, 204 F.3d at 46. Here, the District Court reasonably extrapolated from the "available information" in calculating the amount of loss. The District Court knew the models of the cell phones that Glenn and his co-conspirator stole from the Verizon store on November 15, but did not know the values for all of those models. In using the document provided by the NYPD after the April 21 robbery, the District Court deployed a sensible methodology to determine the likely values. It referred to a similar cell phone store (T-Mobile) with a similar inventory within the same geographic market as the Verizon store, and it located the values that the T-Mobile store had used for models similar or identical to those stolen from the Verizon store. It then calculated the total value of the cell phones stolen from the Verizon store using those "adopted" values. Given the clarity of this method, and given the reliability of the data used, we are not left with a "definite or firm conviction that a mistake has been committed." *Guang*, 511 F.3d at 122. Accordingly, we find that there was no clear error by the District Court.

*II: Restitution Calculation*

"Ordinarily, we review a district court's order of restitution under the [Mandatory Victims Restitution Act of 1996] for abuse of discretion. However, where . . . a defendant fails to object to the restitution order at the time of sentencing, our review is for plain error." *United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012) (citations omitted). Here, Glenn admitted to the District Court that he had "no *further* objection to restitution being set at $28,879.14." App'x 100 (emphasis added). We assume that Glenn was thus preserving his objection to the District Court's methodology for extrapolating loss but forfeiting (if not waiving) any objection to the adjustment from $25,521 to $28,879.14 made after the sentencing hearing to correct an inadvertent omission.

The preserved methodology challenge is no more successful as to restitution than it was as to the Sentencing Guidelines. "[O]ur case law reflects the settled understanding among courts of appeals that a 'reasonable approximation' will suffice [in the calculation of restitution], especially in cases in which an exact dollar amount is inherently incalculable." *United States v. Gushlak*, 728 F.3d 184, 195–96 (2d Cir. 2013) (citations omitted). Moreover, the Guidelines loss calculation may serve as the basis for a restitution calculation because "the quantity and quality of evidence the district court may rely upon to determine the amount of loss is the same in both contexts." *United States v. Germosen*, 139 F.3d 120, 130 (2d Cir. 1998). Here, for restitution as for the Guidelines, the quantity and quality of the evidence allowed the District Court to achieve a "reasonable approximation" of the "actual loss" suffered by the victims. Accordingly, there was no error in the restitution calculation.

As for the District Court's upward adjustment of the restitution amount twenty-one days after the sentencing hearing, assuming, *arguendo*, that Glenn's failure to object forfeits rather than waives the issue, our review is limited to plain error, which Glenn cannot show here. S*ee United States v. Marcus*, 560 U.S. 258, 262 (2010) (stating plain error standard). As the Supreme Court has held,

3

even when the District Court misses the statutory *ninety-day* deadline for imposing a restitution order, it may still proceed to order restitution as long as it "made clear prior to the deadline's expiration that it would order restitution, leaving open . . . only the amount." *Dolan v. United States*, 560 U.S. 605, 607 (2010). Here, the District Court clearly said it would order restitution and left open "only the amount" by asking the parties, at the sentencing hearing, to provide briefing on alternative calculations. It then settled on a final calculation within twenty-one days of the sentencing, well within the otherwise flexible statutory time frame. Accordingly, there was no plain error in the timeliness of the restitution calculation.

*III: Forfeiture Calculation*

"Because criminal forfeiture is viewed as part of the sentencing process, the government need prove facts supporting forfeiture only by a preponderance of the evidence. We review the district court's factual findings for clear error and its legal conclusions *de novo*." *United States v. Gaskin*, 364 F.3d 438, 461–62 (2d Cir. 2004) (internal quotation marks and citations omitted).

Glenn argues that the District Court erred in basing its forfeiture calculation on its restitution calculation. He further argues that the District Court erred in dividing the restitution figure by two in order to allocate one-half of the forfeiture amount to Glenn's co-conspirator and the other half to Glenn. Glenn suggests that this one-half split runs afoul of *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), which held that a forfeiture amount must be "limited to property the defendant himself actually acquired." *Id.* at 1635. Glenn argues that he "actually acquired" less than the forfeiture amount ordered. He suggests, first, that it was his partner in the robberies who was the "undisputed leader and organizer," indicating that it was his partner who "actually acquired" the property subject to forfeiture. App. Br. 21. Additionally, he suggests that there may have been a getaway driver during the November 15 robbery, so that if there is to be evenly divided liability, the driver should at least be liable for forfeiture as well. We disagree with both arguments.

Assuming, without deciding, that *Honeycutt*, which interpreted 21 U.S.C. § 853, applies equally to forfeiture orders pursuant to 18 U.S.C. § 981(a)(1)(C), *see United States v. Fiumano*, 721 F. App'x 45, 51 n.3 (2d Cir. 2018) (identifying open question), the forfeiture order here satisfies *Honeycutt*'s requirements. The relevant facts of the November 15 robbery, as described in the Pre-Sentence Report ("PSR"), went uncontested at sentencing.[1] We therefore accept them as true, since "if a defendant fails to challenge factual matters contained in the presentence report at the time of

---

[1] Glenn did object to portions of PSR ¶¶ 13, 24, and 50, in which both Glenn and Johnson are described as threatening to shoot the Verizon store employees. This objection was relevant to the sentencing enhancement under U.S.S.G. § 2B3.1(b)(2)(F) for "threat of death." However, Glenn did not object to the facts relevant for our purposes: those pertaining to the acquisition of property during the robbery.

sentencing, the defendant waives the right to contest them on appeal." *United States v. Rizzo*, 349 F.3d 94, 99 (2d Cir. 2003). The PSR describes a robbery in which Glenn partnered with Shukri Johnson ("Johnson"), and in which both men equally benefited. *Both* "Glenn and Johnson filled their duffel bags with phones and fled the store." PSR ¶ 13. There is no evidence that one supervised the crime nor that only one acquired the property. Nor is there evidence of a third person's involvement as a getaway driver.

Given these previously uncontested facts, there is no basis to find that the District Court clearly erred in calculating or apportioning the forfeiture amount. That the forfeiture amount is a function of the restitution amount is sensible and consistent with *Honeycutt*. The restitution amount is a reasonable approximation of the victim's loss, and the forfeiture amount is a reasonable approximation of how much Glenn, as one-half of the criminal operation responsible for the November robbery, individually profited.

## CONCLUSION

We have reviewed all of the arguments raised by Glenn on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 23, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
